**AMERICAN MOTORS CORPORATION**
and American Motors Sales Cor-
poration, Appellants,

v.

**Dr. Benjamin MOSIER et al., Appellees.**

No. 25761.

United States Court of Appeals
Fifth Circuit.

June 12, 1969.

Rehearing Denied July 17, 1969.

John T. Golden, Vinson, Elkins, Weems & Searls, Houston, Tex., B. Jeff Crane, Jr., Houston, Tex., of counsel, for appellants.

Irwin L. Tunis, New Orleans, La., Edmund L. Cogburn, Dow, Cogburn & Friedman, Abraham P. Friedman, Houston, Tex., for appellees.

Before JOHN R. BROWN, Chief Judge, THORNBERRY, Circuit Judge, and TAYLOR, District Judge.

WILLIAM M. TAYLOR, Jr., District Judge:

Appellants, Defendants below, have raised three issues on their appeal—

(1) whether the trial court erred in its finding that the cross linkage tube of the automobile in question was defective at the time the automobile was sold by the defendants, which defective part was a proximate cause of plaintiffs' injuries;

(2) whether the trial court erred in its finding that injury was sustained by Marc Mosier in the automobile accident of August 24, 1962; and

(3) whether the trial court erred in awarding the sum of $60,000.00 for injuries allegedly sustained by Marc Mosier in the automobile accident of August 24, 1962 because such amount is clearly excessive.

All three issues pertain to factual determinations made by the judge as the trier of fact in this non-jury case and must therefore be reviewed in accordance with Rule 52(a), Federal Rules of Civil Procedure, which establishes a "clearly erroneous" standard.[1] This standard is amply explained by Judge Ainsworth in Chaney v. City of Galveston, 368 F.2d 774, 776 (5th Cir. 1966) wherein he states:

A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. Where the evidence would support a conclusion either way, a choice by the trial judge between two permissible views of the weight of evidence is not clearly erroneous, and the fact that the judge totally rejected

an opposed view impeaches neither his impartiality nor the propriety of his conclusions. Such total rejection cannot of itself impugn the integrity or confidence of the trier of fact. It is well settled that in order for a reviewing court to set aside findings of fact by a trial court sitting without a jury, it must be clearly demonstrated that such findings are without adequate evidentiary support in the record, or were induced by an erroneous view of the law, and the burden of showing that the findings are clearly erroneous is on the one attacking them. The findings of a district court are not, therefore, lightly to be set aside, for the Court of Appeals is not a trier of facts, and does not substitute its own judgment for that of the trial court.

In their reply brief, appellants synthesize and modify their attack on the trial court decision by saying:

The point appellants are questioning is how clear a case must the plaintiff show by circumstantial evidence in order to establish a fact issue for either the jury, or the Court (if tried before the Court without a Jury) when there is no direct evidence available to show what the actual facts in dispute are. p. 2.

Such a change in their representation of the question before this Court only clouds rather than clarifies the issue. It makes little difference in this case how clear and complete a case plaintiffs must present since appellants do not attack the "clear preponderance of the evi-

---

1. "Rule 52. FINDINGS BY THE COURT

(a) *Effect.* In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the oppor-

tunity of the trial court to judge of the credibility of the witnesses. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b). As amended Dec. 27, 1946, eff. March 19, 1948; Jan. 21, 1963, eff. July 1, 1963."

dence" standard by which the trier of fact is governed. This Court can only reverse the trial court if its decision were wholly antithetical to the evidence as described by Judge Ainsworth. Thus, this opinion must direct itself toward resolving the issues originally raised.

All parties having agreed that Ohio substantive law controlled, the trial court determined defendants' liability in terms of the following one of three causes of action for products liability as defined by the Supreme Court of Ohio:

> An action in tort which is based upon the breach of a duty assumed by the manufacturer-seller of a product. This duty is assumed by the manufacturer by reason of his implicit representation of good and merchantable quality and fitness for intended use when he sells the product. This duty is breached when a defect in the product causes the collapse of the product and is the direct and proximate cause of injury to a person whose presence the defendant could reasonably anticipate. Lonzrick v. Republic Steel Corp., 6 Ohio St.2d 227, 218 N.E.2d 185, 188 (1966).

■ For plaintiff to prevail on this cause of action he must prove:

(1) that a defect existed in the product manufactured and sold by the defendants;

(2) that the defect existed in the product at the time of sale;

(3) that the defect was the direct and proximate cause of plaintiffs' injuries;

(4) that at the time of injury plaintiffs were in a place which defendants should have reasonably anticipated.[2] Lonzrick v. Republic Steel Corp., supra, at 188.

Appellants accept the factual conclusions which fulfill the requirements of all legal elements stated above except the one relating to the existence of a defect at the time of sale. They challenge this factual determination because they believe the evidence upon which it was based was at best insufficient to prove the point and what testimony did exist was based on speculation, guess, and conjecture. If this court reversed because of insufficient evidence or because the conclusion went against the weight of the evidence introduced or because that evidence upon which the trial court relied was "speculative", i. e., opinion, we would be substituting our judgment for that of the fact finder. We would be specifying the amount of weight to be given each person's testimony as it regards the fact here in issue—element (2). In effect, we would be passing on the credibility of the witnesses. This is the sole province of the fact finder.

■ Appellants also contend that to conclude the defect in the cross linkage tube portion of the steering linkage assembly existed not only prior to the accident but also at the time of sale would require an inference on an inference which they assert is not permissible in the law of evidence. The thing which appellants fail to realize is that the same circumstantial facts which the trial judge used in deducing or inferring the conclusion that the defect preceded the accident and upon which there was direct testimony, i. e., circumstantial evidence, may also be used as some of the premises necessary to deduce that the defect existed at the time of sale. After all, the sale too preceded the accident.

Additional factors that seemed to have played a role in the judge's determination are:

1. the subject automobile had been driven less than 3,000 miles and was little more than 8 months old which in the trial judge's mind did not make

---

2. Later in the opinion Judge O'Neill states:

"For the plaintiff to recover, he must prove, by the required degree of proof, that the joists were defective, that they were defective at the time the manufacturer sold them, that the defect caused them to collapse while they were being used for this ordinary intended purpose, that the defect was the direct and proximate cause of the plaintiff's injury and that the plaintiff's presence was in a place which the defendant could reasonably anticipate." 218 N.E. 2d at 192–193.

the time of sale and the accident "so remote as to negate the finding of a defect at the time defendants surrendered control of the automobile."

2. the less than stringent inspection procedures followed by the manufacturer and/or subcontractors before assembling the steering linkage system which includes the cross linkage tube.

3. the testimony of Mr. Hammerman, a close friend and executor of the estate of the owner of the subject Rambler American, who had been in continual contact with the owner, Mr. Mintz, and knew of no prior accident involving the subject automobile nor of any dissatisfaction with the automobile.

4. there was no evidence that the automobile had been used in anything other than in a normal fashion.

■ Not only must this court recognize the circumstantial evidence utilized by the trial judge in reaching his factual determination, but also must respect the indefinable effect of the experiences of the fact finder, judge or jury, during his life which often completes an otherwise sketchy picture. This is the very essence of the jury and is not surrendered when litigants coagulate the jury's collective community experience into the person of the trial judge. In such a context, we cannot hold the lower court clearly erroneous in its determination

of the defect's existence in the linkage tube at time of sale.

■■ Appellants lump together their discussion of second and third issues which question the trial court's finding that Marc Mosier was injured in the accident on August 25, 1962 and the $60,000 award of damages which in any event was excessive. They point out that Marc Mosier's physician, Dr. Paul Lensky, testified that the most direct cause of psychomotor epilepsy, the malady from which Marc allegedly suffers, is a brain injury caused by a blow to the head. They then state that Marc had been struck in the head with a mallet and treated by Dr. Lensky some 17 months before the accident and that Dr. Lensky admitted that such brain damage as evidenced by Marc may remain latent for several years. Thus appellants argue that Marc was injured almost one and a half years in advance of the accident. Their contention is supported, so they say, by the fact that Dr. Lensky "found no marks or evidence of a blow to the boy's head nor had he seen any medical reports of any nature indicating any evidence of a blow to the head when he examined Marc some two weeks after the accident". Notwithstanding these contentions there was alternative evidence as set out by the trial court[3] which would indicate the contrary. In light thereof the fact finder's conclusion cannot be held clearly erroneous, nor the $60,000 damages awarded excessive.

Affirmed.

3. "Plaintiffs offered to show that because of the accident Marc Mosier suffers from psychomotor epilepsy. There was sufficient and uncontradicted evidence upon which to find that the epileptic condition resulted from the accident. There is the diagnosis and treatment of Dr. Paul Lensky and ample evidence of a change in Marc following the accident, a change that cannot merely be attributed to the childhood growing pains of a small boy. Dr. Lensky testified that the [1925] epileptic condition has persisted for approximately four years in spite of medication, and whenever Marc is taken off

the medication, the symptoms become even more pronounced. Because the condition had persisted over several years, Dr. Lensky was of the opinion that it was liable to persist for the rest of his life. The permanency of Marc Mosier's epileptic condition is amply attested by Dr. Lensky. His testimony was based on his observation of Marc since the accident and cannot be said to be insufficient and based merely upon guess and conjecture as Defendants contend." Mosier et al. v. American Motors Corp., et al., 303 F.Supp. 44, (S.D., Texas 1967).